## Commonwealth v. Bellotti

*Norbert J. Powell*, for Commonwealth.
*Paul J. Quattrone*, for defendant.

GREINER, P. J., December 18, 1964.—For the court's consideration is the motion to quash the appeal of Elic Angelo Bellotti from a conviction by Harry C. Law, one of the justices of the peace, in and for the County of Elk, State of Pennsylvania, on the charge of violating section 701 of the Game Law of June 3, 1937, P. L. 1225, as revised and/or amended, to wit: "That he did wilfully and unlawfully possess parts of deer taken in closed season. . . ."

On October 2, 1964, defendant was found guilty by the justice of the peace of the charge as above stated and sentenced to pay a fine of one hundred dollars and costs of prosecution.

On October 12, 1964, defendant presented a petition for appeal from the decision of the justice of the peace to the court of quarter sessions and on the same date, October 12, 1964, the appeal was granted. Subsequently the district attorney on behalf of the Commonwealth of Pennsylvania filed a motion to quash the appeal on the grounds that the petition for appeal was presented to the court after the appeal time fixed by the statute had expired, citing section 1210 of the Game Laws, April 18, 1949, P. L. 509, 34 PS §1311.1210. The matter was set for hearing on December 2, 1964, on which date arguments were heard.

The Commonwealth in support of the motion to quash relies upon the above-cited section of the Game Law which reads as follows: "Any person convicted of violating any of the provisions of this act may enter into good and sufficient recognizance to pay the fine imposed and costs within a period of ten days after the date of his conviction, or may certiorari the proceedings to the court of common pleas within five days following conviction, or may appeal the proceedings within five days after such conviction to the court of quarter sessions of the county in which convicted. Any prosecutor, dissatisfied with the finding of any magistrate, alderman, or justice of the peace, may, in like manner, appeal to said court within said period. All such appeals shall be only on allowance of the court of quarter sessions or a judge thereof, on cause shown, hearings thereon shall be de novo, and shall be determined by the court of quarter sessions without a jury," as amended April 18, 1949, P. L. 509, sec. 3.

Defendant contends that this section of the game law has been overruled and superseded by the Act of

June 3, 1953, P. L. 272, sec. 1, 19 PS §1189, which states: "That in all cases of summary conviction in this Commonwealth, before a magistrate or court not of record, either party, even though any fine imposed has already been paid, may, within ten days after such conviction, appeal to the court of quarter sessions of the county in which such magistrate shall reside or court not of record shall be held, upon allowance of the said court of quarter sessions, or any judge thereof, upon cause shown; and either party may also appeal from the judgment of a magistrate or a court not of record, in a suit for a penalty, to the court of common pleas of the county in which said judgment shall be rendered, upon allowance of said court, or any judge thereof, upon cause shown: Provided, That pending the taking of an appeal by either party, or the allowance or refusal thereof by the court or judge, the fine, or penalty, and costs imposed by the magistrate, or court not of record, need not be paid if bail is entered with one or more sufficient sureties in double the amount of such fine, or penalty, and costs for the payment thereof, on the refusal of such appeal; or if allowed, on the final disposition of such appeal. If the defendant pays the fine or penalty and costs imposed and wishes to take an appeal under the provisions of this section he shall give bail in double the probable amount of costs that may accrue in the final disposition of the appeal."

Although defendant's counsel submitted brief and argument in support of his contention that the circumstances warranted the allowance of the appeal by the court . . . assuming it was timely taken . . . and even if the court found that the 5-day appeal period was controlling that the appeal should be allowed nunc pro tunc, the latter matter was not properly before the court and by reason of the court's holding with respect to the time for appeal the prior one need not be con-

sidered. Thus the only legal question to be determined is whether the 5-day appeal period as set forth in the game law or the 10-day appeal period established for summary convictions generally controls.

The Game Law of 1937, being the Act of June 3, 1937, P. L. 1225, is described in section 1 thereof as follows: "The laws relating to game and other wild birds and wild animals are amended, revised, consolidated and changed as hereinafter provided": 34 PS §1311.1. Prior to the game law of 1937, the last prior consolidation of laws relating to game was the Game Law of 1923, which was repealed in its entirety by the Act of June 3, 1937, P. L. 1225, art. XV, sec. 1501. The Act of May 24, 1923, P. L. 359, art. XIII, sec. 1301, in turn repealed inconsistent acts and enumerated acts and parts of acts relating to game dating back as far as April 9, 1760: 1 Sm. L. 227, §§1-5, 8. Thus it is apparent that it was the intention of the legislature that the Game Law of 1937 consolidated all of the laws relating thereto and that its provisions be exclusive as it relates to game including the manner and time in which an appeal might be taken following conviction before a justice of the peace. Such legislative intent is not singular nor uncommon. An analogous situation is that of The Vehicle Code of April 29, 1959, P. L. 58, sec. 101. By section 1205 thereof, 75 PS §1205, it specifically provides that "Any person convicted in any summary proceedings under this act shall have the right of appeal as in other cases of summary convictions." However, it follows with a specific procedure for waiving summary hearing and the right of appearance for trial before a judge of the court of quarter sessions and that in such cases the magistrate shall within 15 days return the information to said court. Thus it also establishes the exclusive method by which appeal from summary convictions of The Vehicle Code shall be allowed and determined.

The court, therefore, makes the following

ORDER

Now, December 18, 1964, defendant not having filed his petition for appeal within the five day limit prescribed by the Game Law, the appeal granted by this court October 12, 1964, is quashed and vacated.